IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO.: 2:20-cr-103-RAH |
| | ) |
| KILPATRICK CORNELIUS MCKINNEY | ) |

**MEMORANDUM OPINION and ORDER**

The jury trial is currently set for the trial term of court beginning August 16, 2021. The Court conducted a status conference on August 12, 2021. For the reasons set forth below and the matters discussed during the teleconference, the Court finds that the trial should be continued pursuant to 18 U.S.C. § 3161(h).

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the seventy-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

§3161(h)(7)(A).

A continuance is requested based on concerns related to the COVID-19 pandemic. Recently in the Middle District of Alabama, there has been a significant spike in COVID-19 cases, primarily due to the Delta variant. Thus, a continuance is necessary for the health and safety of the jurors and court personnel. A continuance reduces COVID-19's rapidly evolving threat to the health and safety of all trial participants and, thus, "outweigh[s] the best interest of the public and defendant in a speedy trial." § 3161(h)(7)(A).

This Court finds, on its own motion, a continuance is warranted due to the national emergency caused by the outbreak of COVID-19. For these reasons, the ends of justice served by continuing the trial outweigh the best interest of the public and Mr. McKinney in a speedy trial.

This Court recognizes that a last-minute continuance is strongly disfavored. However, based on the ongoing nature of the COVID-19 outbreak in the District and the effect of national and local public health recommendations and directives, it is necessary and appropriate to continue trial in this case and exclude time under the Speedy Trial Act until conditions improve. The high number of COVID-19 cases and deaths nationally, and in Alabama, demand modifications in court practices to protect the public health. Courts and court operations are necessarily social operations, involving many people.

The need to protect the health of the public during a deadly pandemic outweighs the rights of the Defendant and the public to a speedy trial. Moreover, there is a significantly reduced ability to obtain an adequate spectrum of jurors and available counsel, witnesses, and court personnel to be present in the courtroom for trial. Long exposure in confined spaces, which is inherent in trial, increases the risk of infection. In addition, defense counsel's ability to confer with the Defendant and other witnesses is limited.[1] A failure to continue trial under these circumstances would result in a miscarriage of justice. Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial. This continuance is not predicated on general congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, it is ORDERED that pursuant to § 3161(h)(7), the trial of this case is CONTINUED to the criminal term of court beginning **October 18, 2021**, in Montgomery, Alabama.

In the event circumstances related to the ongoing pandemic do not improve in October 2021, the Court suggests that counsel entertain the idea of presenting witnesses virtually.

The Court reserves modifying or vacating this order should the trial of this

---

[1] The Montgomery County Sheriff recently announced that inmate visitations at the Montgomery County Detention Facility are temporarily suspended.

case be continued from its current October 18, 2021, trial setting.

DONE, on this the 13th day of August, 2021.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE